```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| MICHAEL SILVERSTEIN, <br><br>      Plaintiff,<br><br>-against-<br><br>SPARK THERAPEUTICS, INC., <br>WEI CAO, and <br>YING HUANG,<br><br>      Defendants. | No. 24-CV-8517 (LAP)<br><br>MEMORANDUM AND ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

  Before the Court is Defendant Spark Therapeutics' motion to dismiss ("Motion" or "Motion to Dismiss") pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. no. 5.) For the reasons stated below, Spark Therapeutics' Motion to Dismiss is granted, and Plaintiff's claims against Defendants Wei Cao and Ying Huang are dismissed sua sponte.

1

I.  **Procedural History**[1]

On July 10, 2024, Plaintiff Michael Silverstein filed a complaint against Defendants Spark Therapeutics, Inc., Wei Cao, and Ying Huang in New York City Civil Court. (See Endorsed Complaint, dated July 10, 2024 ("Complaint") [dkt. no. 1-1].) The Complaint lists the causes of action as follows: "Other for $150,000.00[;] Harassment from Spark Therapeutics $25,000; Slander $25,000; Perjury $50,000; False accusations $50,000." (Id. at ECF 2.)[2] The Complaint contains no factual allegations in support of these causes of action or any other information as to the nature of the claims. (See id.)

On November 8, 2024, Spark Therapeutics removed the action to this Court pursuant to 28 U.S.C. § 1332 and 1441(b) based on diversity jurisdiction under 28 U.S.C. § 1332(a). (Notice of Removal at ECF 1-2.) In its notice of removal, Spark Therapeutics

---

[1] The facts herein, which have not been disputed, are drawn from Spark Therapeutics' Notice of Removal, as well as attached state court documents of which the Court takes judicial notice. See Town of Newburgh v. Newburgh, EOM LLC, No. 24-CV-5059 (CS), 2025 WL 934381, at *1 (S.D.N.Y. Mar. 27, 2025) (accepting as true the facts set forth in a notice of removal for purposes of motion to remand); Aldabe v. Sullivan & Cromwell LLP, No. 23-CV-850 (AT)(GWG), 2023 WL 6566673, at *3 (S.D.N.Y. Oct. 10, 2023) (taking judicial notice of state court documents filed prior to removal to federal court); see also Contrera v. Langer, 290 F. Supp. 3d 269, 278 n.5 (S.D.N.Y. 2018) (recognizing that a court may take "judicial notice on a motion to dismiss of filings in state or federal court.") (citation omitted).

[2] Unless otherwise designated by "ECF," page numbers used herein refer to the parties' pagination.

2

represented that in the state court action, Plaintiff had not served Spark Therapeutics and that it understood Defendants Cao and Huang had not been properly joined. (Notice of Removal ¶¶ 8, 10.)

On November 15, 2024, Defendant Spark Therapeutics filed the instant Motion to Dismiss based on two grounds: insufficient service of process and failure to state a claim. (Memorandum of Law in Support of Defendant Spark Therapeutics, Inc.'s Motion to Dismiss for Insufficient Service of Process and Failure to State a Claim, dated November 15, 2024 ("Def. Br.") [dkt no. 6] at 1.) Plaintiff has not filed an amended complaint or otherwise responded to the Motion to Dismiss. Defendants Cao and Huang have not appeared in this case.

On June 30, 2025, the Court requested that the parties confer and provide an update by letter on the status of the action. (Dkt. no. 8.) On July 10, 2025, Plaintiff emailed the Court stating his belief that certain Defendants had been served and that he would no longer communicate with defense counsel. On July 14, 2025, Spark Therapeutics' counsel filed a letter informing the Court that Spark Therapeutics had contacted Plaintiff about drafting a joint letter but that Plaintiff "refuse[d] to engage with counsel . . . in either filing a joint letter or providing any details about his allegations or purported claims." (Dkt. no. 9 at 1.) Spark Therapeutics also represented that it "has no record that

3

[Plaintiff], an individual named Wei Cao residing at the Metuchen, NJ address or Ying Huang ever worked for Spark and, therefore, is entirely in the dark as to the nature of [Plaintiff's] claims against Spark." (Id. at 2.)  In addition, Spark Therapeutics wrote that it had "repeatedly requested that [Plaintiff] provide some understanding of his purported claims against [Defendant]" but "[Plaintiff] has repeatedly refused."  (Id.)

## II. Discussion

### a. Insufficient Service of Process

Spark Therapeutics seeks to dismiss this action pursuant to Rule 12(b)(5), which allows a party to move for dismissal of a complaint based on insufficient service of process.  Fed R. Civ. P. 12(b)(5).  Once service is challenged, the burden is on the plaintiff to prove that service was proper.  Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010).  "If service of process was not sufficient, the Court has discretion to dismiss the action."  Darden v. Daimler Chrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).  "The Court considers the jurisdictional issues first, because a dismissal for lack of jurisdiction renders all other claims moot."  Id. at 386 (citing Ruhrgas A.G. v. Marathon Oil Co., 526 U.S. 574, 583 (1999)) (considering sufficiency of process on motion to dismiss before other arguments raised in support of dismissal).

4

"Although the Federal Rules of Civil Procedure apply to actions after removal, state law governs the sufficiency of service of process before removal." Montefiore Med. Ctr. v. Aetna Health, Inc., No. 21-CV-7838 (MKV), 2021 WL 5113013, at *1 (S.D.N.Y. Nov. 3, 2021). Accordingly, state law governs the sufficiency of Plaintiff's service of process on Defendants prior to Spark Therapeutics' removal to this Court.

The New York City Civil Court Act § 410 provides that service of a summons is complete "(a) immediately upon personal delivery to the defendant . . . or (b) upon the filing of proof of service[.]" Spark Therapeutics asserts that Plaintiff failed to effect personal delivery or file proof of service. (See Def. Br. at 2; Notice of Removal ¶ 8.) Instead, Plaintiff apparently mailed a copy of the Complaint to a non-party entity. (See Def. Br. at 2.) Thus, Plaintiff failed to satisfy either route of service permissible under the New York City Civil Court Act, and service was insufficient.

Furthermore, the 90-day period for Plaintiff to serve Defendants under Federal Rule of Civil Procedure 4(m) has expired. Rule 4(m) provides that "[i]f a defendant is not served within 90 days . . . , the court—on motion or on its own after notice to the plaintiff—must dismiss the action . . . or order that service be made" unless "the plaintiff shows good cause for the failure[.]" Fed. R. Civ. P. 4(m). "Removal of a case does not waive or obviate

5

the need for service[.]" <u>Kogan v. Facebook, Inc.</u> 334 F.R.D. 393, 399 n.3 (S.D.N.Y. 2020). Accordingly, "Rule 4(m) applies to removed cases after the date of removal" and the 90-day period for service "begins to run on the date of removal." <u>Id.</u> (internal quotations and citations omitted). Good cause to excuse a plaintiff's failure to serve "does not exist where the plaintiff, upon learning that a defendant was not properly served, fails either to serve that defendant . . . within the time remaining . . . or to seek additional time within which to do so." <u>Deptula v. Rosen</u>, 588 F. Supp. 3d 73, 85 (S.D.N.Y. 2021).

Spark Therapeutics served Plaintiff with the Notice of Removal in November 2024 (<u>see</u> Notice of Removal ¶ 11), meaning the 90-day period for Plaintiff to serve Defendants expired over six months ago in February 2025. As of at least July 14, 2025, Plaintiff has still not served Defendants (<u>see</u> dkt. no. 9; Def. Br. at 2-3; Notice of Removal ¶¶ 8, 10), and Plaintiff has not requested additional time to effect service. For the foregoing reasons, Spark Therapeutics' Motion to Dismiss for insufficient service of process is GRANTED.

### b. Failure to State a Claim

Spark Therapeutics also moves to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim. Because the Court has granted Defendant Spark Therapeutics' Motion to Dismiss for insufficient service of process, the Court need not address its

6

argument that the Complaint fails to state a claim.  See George v. Pro. Disposables Int'l, Inc., 221 F. Supp. 3d 428, 438 n.6 (S.D.N.Y. 2016).

However, even assuming arguendo that the Court has jurisdiction over the action, the Complaint plainly fails to state a claim.  "To survive a motion to dismiss, a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Emerson v. City of New York, 740 F. Supp. 2d 385, 390 (S.D.N.Y. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  A complaint must offer more than "naked assertion[s]" devoid of "further factual enhancement" to survive dismissal.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  "[A] pro se plaintiff's factual allegations still must at least 'be enough to raise a right to relief above the speculative level.'" Cadet v. Alliance Nursing Staffing of N.Y., Inc., 632 F. Supp. 3d 202, 219 (S.D.N.Y. 2022) (citing Twombly, 550 U.S. at 555).  "[A]lthough the Court is 'obligated to draw the most favorable inferences' that the complaint supports, it 'cannot invent factual allegations that [the plaintiff] has not pled.'" Sklodowska-Grezak v. Stein, 236 F. Supp. 3d 805, 807 (S.D.N.Y. 2017) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)).

7

Here, Plaintiff failed to allege any facts whatsoever. Instead, the Complaint merely lists various causes of actions and purported corresponding dollar amounts. (See Complaint at ECF 2.) There is nothing in the Complaint to indicate how any Defendant caused injury to Plaintiff. Without any factual allegations to consider, the Complaint plainly fails to state a claim for relief that is plausible on its face. See Ambrose v. Dell, No. 12-CV-6721 (JPO), 2016 WL 894456, at *2-*3 (S.D.N.Y. Mar. 8, 2016) (dismissing pro se plaintiff's complaint for failure to state a claim where the complaint did not include sufficient factual assertions to support the claim). Accordingly, the Complaint fails to state a claim against any Defendant, and the Court exercises its power to sua sponte dismiss the Complaint against Cao and Huang. See Muka v. Murphy, 358 Fed. App'x 239, 241 (2d Cir. 2009) ("A district court's ability sua sponte to dismiss a complaint that lacks a basis in law or fact is well-established.")

### III. Conclusion

For the foregoing reasons, Spark Therapeutics' Motion to Dismiss [dkt. no. 5] is GRANTED. Plaintiff's claims against Spark Therapeutics, Cao, and Huang are dismissed with prejudice. The Clerk of Court is respectfully directed to close docket entry 5 and to mark this action closed.

**SO ORDERED.**

Dated:     September 9, 2025
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge